CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 3 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 5:00cr30072-1 |
| ) | |
| v. ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| STEVEN ORVILLE CUPP, ) | |
| ) | **2255 MEMORANDUM OPINION** |

Petitioner Steven Orville Cupp, a federal inmate proceeding pro se, filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, arguing that counsel provided ineffective assistance and that the government breached the plea agreement by not filing a Rule 35 motion to reduce sentence based on substantial assistance. By conditional filing order, entered August 25, 2008, the court notified Cupp that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. The court finds that Cupp's motion is barred by the one-year state of limitations for filing a § 2255 motion, and that he has not demonstrated any grounds for equitable tolling. Therefore, the court dismisses his motion as untimely.

## I.

On August 20, 2001, after a guilty plea, the court convicted Cupp of conspiring to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846, and sentenced him to 360 months incarceration. Cupp did not appeal his conviction or sentence. He filed the instant § 2255 motion on August 13, 2008, alleging ineffective assistance of counsel, prosecutorial misconduct, and breach of his plea agreement.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the

following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 225). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Thus, Cupp's conviction became final on September 14, 2001, when his time to file a notice of appeal to the Court of Appeals for the Fourth Circuit expired. Therefore, Cupp had until September 16, 2002 to file a timely § 2255 petition. However, Cupp did not file his federal habeas petition until August 13, 2008, approximately 2,158 days after his time to file a timely § 2255 passed. Accordingly, Cupp's petition is time-barred unless he demonstrates grounds for equitable tolling.[1]

The court conditionally filed Cupp's motion, asking him to present any additional evidence or argument concerning the timeliness of his motion. In response, Cupp states that he spent his first year of incarceration in a county jail and did not "have the access to even find out what was going on." After being transported to a Bureau of Prisons facility, he argues that he then had to do research to find out what his options were. After doing research, he determined that he would need his transcripts to "find out exactly what happen[ed] in court that day," but "had to wait until [he] had

---

[1] A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

the money." After he apparently obtained the transcripts, he determined that he had to do more research. Because there were no computer legal research tools available to him, he "had to go through (100s) hundreds of cases. . . ." Thereafter, at some point during his incarceration, he was placed in the Special Housing Unit, under investigation, and then transferred to another facility. He states that the "whole process took almost (1) one year." The court finds that Cupp's untimely filing of his petition was caused, at most, by his lack of due diligence, which does not warrant application of the equitable tolling doctrine. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998) (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Accordingly, the court finds Cupp's motion untimely.

### III.

For the reasons stated, the court dismisses Cupp's § 2255 Motion to Vacate, Set Aside, or Correct Sentence as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 2nd day of J~~anuary~~ Feb, 2009.

_____
United States District Judge